**Jose COLON, Plaintiff,**

v.

**Correction Officer D. MACK, et al., Defendants.**

**No. 93 Civ. 2674(KTD).**

United States District Court, S.D. New York.

Nov. 17, 1997.

Loren I. Glassman, White Plains, NY, for plaintiff.

Dennis C. Vacco, Attorney General of the State of New York, (Vincent Leong, of counsel), New York City, for defendants.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Familiarity is assumed with my Memorandum and Order, dated September 5, 1997, in which the parties were directed to brief the issue of whether the Court should grant judgment as a matter of law.

■ The first issue is whether the erroneous instruction regarding Plaintiff's citizenship in my jury charge was harmless error. Plaintiff's counsel asserts that the "charge all but guaranteed dismissal of the Complaint" and that "the jury never looked at or considered [several voluminous exhibits] because the erroneous charge was such that the jurors believed the case should be dismissed no matter what evidence the proffered documents contained." (Pl. Mem. of Law at 6–7). This is nothing more than creative advocacy. The women and men who fulfilled their civic duty for two days in my courtroom are far wiser than the dim portrayal offered by Plaintiff's counsel.

Nonetheless, my charge could have mislead the jury or given the jury an improper impression of the law. This appearance of prejudice to Plaintiff's rights must be avoided. Thus, under any formulation of harmlessness, *Renz v. Grey Advertising, Inc.,* —— F.3d ——, ——, 1997 WL 433675, at *6 (2d Cir.1997) ("standard of proof ... has been variously stated"), the addition of an extra prong to the test for a person to establish a claim under 42 U.S.C. § 1983 impermissible tainted the charge. "Substantial justice" requires that the jury verdict be vacated. Fed. R.Civ.P. 61.

■ The question then becomes whether I should direct entry of judgment as a matter of law. Fed.R.Civ.P. 50(a). When making this decision, I must "draw[ ] all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of plaintiff" and determine if "a reasonable jury could only have found for the defendants." *In re Joint E. & S. Dist. Asbestos Litig.,* 52 F.3d 1124, 1131 (2d Cir. 1995). "In considering the evidence, [I] may not weigh evidence, assess credibility, or substitute [my] opinion of the facts for that of the jury." *Vermont Plastics, Inc. v. Brine, Inc.,* 79 F.3d 272, 277 (2d Cir.1996).

At trial, Plaintiff testified that Defendants "came into my cell violently and they got upon me and all that" and "fell over me and started beating me with the sticks." (Tr. 18–19). Plaintiff also testified that he did not light a fire in his cell. (Tr. 22–23). The videotape of the incident, however, which Plaintiff's counsel played for the jury,[1] clearly showed that Defendants did not enter Plaintiff's cell nor did they beat him with batons. Instead, the videotape confirmed Defendants' version of the incident—Plaintiff lit a fire in his cell and when Defendants opened Plaintiff's cell door, Plaintiff charged out of his cell and ran into Defendants (who were holding a plexiglass shield), which caused everyone to fall to the floor. Plaintiff allegedly suffered a dislocation of his left elbow as a result of Defendants' effort to restrain him. The assertion counsel that

---

1. Plaintiff's counsel wished the jury to view only a portion of the videotape and attempted to fast- forward beyond the section when Plaintiff lit the fire in his cell. (Tr. 27)

"Plaintiff complained of severe pain for several days before receiving any medical treatment for his injuries," (Pl. Mem. of Law at 3), is not relevant to this civil action.

Could a reasonable jury have found by a preponderance of the evidence that Defendants' conduct deprived Plaintiff of the rights secured to him by the U.S. Constitution or laws of the United States by subjecting him to excessive force? After my review of the trial transcript, the answer is no. A reasonable jury could not find that Defendants used excessive force on April 24, 1990. In my charge to the jury, I stated in part:

> A corrections officer has authority to use such force as is necessary to maintain or restore order. However, every person, including a prisoner, has the right not to be subjected to unreasonable or excessive force beyond that necessary to accomplish a lawful purpose. . . .

> In determining the degree of force that a reasonable and prudent officer would have applied you should consider the circumstances as the defendants knew them at the time of the incident. These circumstances include the need, if any, for the application of force, the need for decisive action, the amount of force actually used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore order or whether force was applied for the very purpose of causing harm.

(Tr. 108–09); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

After watching the videotape of the incident, a reasonable juror is left with only one conclusion. The force used by Defendants to restrain Plaintiff was not excessive. Defendants were required to maintain discipline and restore order when Plaintiff lit a fire in his prison cell in violation of prison regulations. Further, Defendants used necessary force in self-defense when Plaintiff charged at them.

This case has absolutely no merit. Thus, I must direct entry of judgment as a matter of law for Defendants. The Clerk of the Court is directed to close this case.

SO ORDERED.